IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Gloria Nadon | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Thomas Chang and | ) | |
| Bard Peripheral Vascular, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

YOU ARE HEREBY NOTIFIED that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bard Peripheral Vascular, Inc., with the assent of Defendant Thomas Chang,[1] hereby files this Notice of Removal of the above-captioned action from the Superior Court of the District of Columbia, Case No. 0003959-13, to the United States District Court for the District of Columbia, on the following grounds:

### I. STATEMENT OF COMMENCEMENT OF ACTION

The removed case is a civil action filed on or about June 10, 2013, in the Superior Court of the District of Columbia, Civil Division, having been assigned Civil Action No. 2013 CA 003959M and captioned *Gloria Nadon v. Thomas Chang, and Bard Peripheral Vascular, Inc.* The removing party, Defendant Bard Peripheral Vascular, Inc., was served with the Summons and Complaint on July 5, 2013. In her Complaint, Plaintiff made a demand for a jury trial. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

---

[1] Defendant Thomas Chang's written assent to this removal is attached hereto as Exhibit "A."

## II. PLEADINGS AND NOTICE TO SUPERIOR COURT

A true and correct copy of all process, pleadings, and orders served upon Defendant Bard Peripheral Vascular, Inc. are attached hereto as Exhibit "B" and are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff, and is being filed with the Clerk of Court for the Superior Court of the District of Columbia.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). This action satisfies both statutory requirements.

## IV. CITIZENSHIP OF THE PARTIES

There is complete diversity of citizenship between Plaintiff and Defendants. Plaintiff is a citizen of the Commonwealth of Virginia. (Plaintiff's Complaint, ¶ 1). Defendant Bard Peripheral Vascular, Inc. is a citizen of the State of Arizona. It was at the time of the filing of the Complaint, and still is, a company existing under the laws of the State of Arizona with its principal place of business in Tempe, Arizona. Defendant Thomas Chang is a citizen of the State of Maryland. He was at the time of the filing of the Complaint, and still is, a citizen of the State of Maryland. Therefore, there is complete diversity of citizenship among the parties. This action is removable to the United States District Court for the District of Columbia under 28 U.S.C. §1441(b) because no properly joined and served defendant is a citizen of the District of Columbia.

## V. AMOUNT IN CONTROVERSY

Plaintiff seeks to recover damages and attorneys' fees. Specifically, Plaintiff seeks to recover $2,000,000.00 in total damages from Defendants. (Plaintiff's Complaint, ¶ 31 and Prayer for Relief). Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this jurisdictional requirement is satisfied.[2]

## VI. CONCLUSION

Wherefore, Defendant Bard Peripheral Vascular, Inc., with the assent of Defendant Thomas Chang, hereby removes this matter from the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia, based on diversity jurisdiction.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Albert A. Foster, Jr., Esq.
Albert A. Foster, Jr., Esq.
D.C. Bar No. 464009
E-Mail: al.foster@nelsonmullins.com
101 Constitution Avenue, N.W., 8th Floor
Washington, D.C. 20001
202.712.2800

*Counsel for Defendant Bard Peripheral Vascular, Inc.*

August 5, 2013

---

[2] Defendant Bard Peripheral Vascular, Inc. expressly reserves the right to challenge Plaintiff's entitlement to damages and the amount of damages on all available grounds.

## CERTIFICATE OF SERVICE

I certify that on this 5th day of August, 2013, a copy of the foregoing **DEFENDANT BARD PERIPHERAL VASCULAR, INC.'S NOTICE OF REMOVAL** was served via Certified Mail with Return Receipt Requested to:

> Tawnya M. Yetter, Esquire
> Milton Johns, Esquire
> Paul A. Prados, Esquire
> Day & Johns, PLLC
> 10560 Main Street, Suite 218
> Fairfax, Virginia 22030
>
> Counsel for Plaintiff
>
> Michael F. Flynn, Jr., Esquire
> Matthew J. Focht, Esquire
> Gleason, Flynn, Emig & Fogleman, Chartered
> 11 North Washington St., Suite 400
> Rockville, MD 20850
>
> Counsel For Thomas Chang, M.D.

/s/ Albert A. Foster, Jr., Esq.