

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

GLORIA NADON
Vs.                                             C.A. No.        2013 CA 003959 M
THOMAS CHANG

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                        Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  June 10, 2013
Initial Conference: 9:30 am, Friday, September 13, 2013
Location:  Courtroom 214
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001                                    Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING
ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

| GLORIA NADON | |
|---|---|
| Plaintiff | 0003959-13 |
| vs. | Case Number |
| BARD PERIPHERAL VASCULAR, INC. | |
| Defendant | |

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| Paul A. Prados / Tawnya M. Yetter | | |
|---|---|---|
| Name of Plaintiff's Attorney | | Clerk of the Court |
| Day & Johns, PLLC | By | |
| Address | | Deputy Clerk |
| 10560 Main Street, Suite 218, Fairfax, Virginia 22030 | | |
| (703) 268-5600 | Date | 6/10/13 |
| Telephone | | |

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                    Demandante

                contra

Número de Caso: _____

_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____
                  Subsecretario

Dirección

Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dể có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

DISTRICT OF COLUMBIA

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA NADON<br>*Plaintiff* )<br>)<br>) | 0003959-13 |
| v. ) | Case No. _____ |
| )<br>THOMAS CHANG )<br>Serve at: )<br>)<br>MedStar Georgetown University Hospital )<br>3800 Reservoir Road, NW )<br>Radiology )<br>Washington, DC 20007 )<br>)<br>and )<br>)<br>BARD PERIPHERAL VASCULAR, INC. )<br>Prepare for service at: )<br>)<br>c/o Registered Agent CT Corporation System )<br>2390 E Camelback Road )<br>Phoenix, Arizona 85016 )<br>)<br>*Defendants.* ) | RECEIVED AND RETURNED<br>Civil Clerk's Office<br>JUN 10 2013<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

## COMPLAINT

COMES NOW your Plaintiff, Gloria Nadon, by counsel, and respectfully requests this Court enter judgment against the Defendants, Thomas Chang, MD, and Bard Peripheral Vascular, Inc., ["Bard Peripheral"] due to the Defendant Chang's acts of medical malpractice and strict product liability in the above-styled action and in support of her Complaint, states as follows:

### PARTIES AND JURISDICTION

1. Gloria Nadon ("Mrs. Nadon") is, and at all times relevant to this action was, a resident of the Commonwealth of Virginia.

Day & Johns, PLLC
10560 Main Street
Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax: (703) 268-5602

2. On information and belief, Thomas Chang, MD ("Dr. Chang") is, and at all times relevant to this action was, maintained a business address at Medstar Georgetown University Hospital at 3800 Reservoir Road, NW, Washington, DC 20007.

3. The events which gave rise to this lawsuit occurred in the District of Columbia.

4. This Court has original jurisdiction over this action pursuant to District of Columbia Official Code § 11-501 (2001 as amended). Venue is proper pursuant to District of Columbia Official Code § 11-501 (2001 as amended).

## FACTS

5. Paragraphs 1-4 of this Complaint are re-alleged and incorporated in this section.

6. Mrs. Nadon required treatment for clotting problems and the threat of pulmonary embolism.

7. The normal course of treatment for pulmonary embolism is anticoagulants or "blood thinners" but they were not recommended for Mrs. Nadon because they posed a danger to her while she underwent chemotherapy.

8. Mrs. Nadon was referred by her general practitioner to Dr. Chang for the placement of an "inferior vena cava filter" ("IVC filter") as preventative treatment for clotting problems.

9. Mrs. Nadon previously had an IVC filter implanted, but a clot was later found on the other side of the filter, thus necessitating the second filter. The first IVC filter remains intact.

10. On June 8, 2010, Mrs. Nadon underwent surgery performed by Dr. Chang to place the second IVC filter.

11. The particular IVC filter placed into Mrs. Nadon was an "Eclipse Vena Cava Filter" designed with twelve "prongs" and produced by Bard Peripheral Vascular, Inc.

Day & Johns, PLLC
10560 Main Street
Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax: (703) 268-5602

12. On August 3, 2010 Mrs. Nadon underwent a routine follow up CT scan to determine the status of the IVC filter implant. The MRI revealed that the IVC filter was "oriented somewhat sideways" and that there were "prongs extending into the right renal vein as well as apparently outside the IVC."

13. Surgery was scheduled for the next day in order to remove the errant IVC filter. During the surgery it became apparent that the "tip of the filter appeared to be embedded in the caval wall." This made it impossible for the "loop snare system" to retrieve the IVC filter. Consequently, an attempt was made to "dislodge the IVC filter from the caval wall." This process was unsuccessful and it was determined that it was necessary to terminate the procedure.

14. A CT scan performed on Mrs. Nadon on May 11, 2012 produced an image of this IVC filter with 11 prongs. The image also showed that the missing prong had migrated to her pulmonary artery.

15. The risk of further migration of this prong poses a considerable risk to Mrs. Nadon's life.

16. Additionally, due to the malfunction of this system, Mrs. Nadon must now take anti-coagulants for her pulmonary embolism even though they pose a danger to her life during the period she must undergo chemotherapy.

## COUNT I – MEDICAL MALPRACTICE

17. Paragraphs 1-16 of this Complaint are re-alleged and incorporated in this section.

18. Dr. Chang owed Mrs. Nadon a duty of reasonable care in providing medical treatment.

19. That duty of care required Dr. Chang to properly place the IVC filter and perform Mrs. Nadon's surgery.

Day & Johns, PLLC
10560 Main Street
Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax: (703) 268-5602

20. Dr. Chang breached this duty by failing to properly perform the placement of the IVC filter and complete Mrs. Nadon's surgery.

21. Dr. Chang had a duty to warn Mrs. Nadon about possible complications, side-effects and consequences of the surgery.

22. Dr. Chang failed to warn Mrs. Nadon of the following possibilities:

    a. that the IVC filter could become dislodged.

    b. that it could become maloriented.

    c. that it could become impossible to remove.

    d. that prongs could break apart and become lodged in other parts of the body.

23. As a direct cause of the aforementioned breaches Mrs. Nadon has suffered considerable pain and discomfort, risk to her life, as well as over $33,000 in medical bills, and faces a lifetime of either taking dangerous blood thinners to avoid further complications from the broken prong, not taking the blood thinners and substantially increases the likelihood of death.

24. Mrs. Nadon's total damages are approximately $2,000,000.00.

## COUNT I – STRICT PRODUCTS LIABILITY

25. Paragraphs 1-24 of this Complaint are re-alleged and incorporated in this section.

26. Bard Peripheral Vascular, Inc. was the manufacturer of the "Eclipse Vena Cava Filter" ("product") surgically implanted into Mrs. Nadon.

27. The product possessed either a manufacture or design defect when it left the possession of Bard Peripheral Vascular, Inc.

28. Surgical implantation was the expected use of the product.

29. The surgical placement of the defective product into Mrs. Nadon resulted in

Day & Johns, PLLC
10560 Main Street
Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax: (703) 268-5602

   a. the IVC filter becoming dislodged.

   b. the IVC filter becoming maloriented.

   c. the IVC filter becoming impossible to remove.

   d. the prong breaking apart, migrating through the heart and becoming lodged in the pulmonary artery.

30. As a direct cause of the aforementioned breaches Mrs. Nadon has suffered considerable pain and discomfort, risk to her life, as well as over $33,000 in medical bills, and faces a lifetime of either taking dangerous blood thinners to avoid further complications from the broken prong, not taking the blood thinners and substantially increases the likelihood of death.

31. Mrs. Nadon's total damages are approximately $2,000,000.00.

Plaintiff hereby requests a trial by jury.

WHEREFORE, in consideration of the allegations outlined above, your Plaintiff, Gloria Nadon, requests that this Court enter in her favor a judgment of $2,000,000.00 against the Defendant, award reasonable attorneys' fees and costs, and any other relief this Court deems proper.

Respectfully Submitted,
GLORIA NADON
By counsel

Day & Johns, PLLC:

*signature*

Tawnya M. Yetter, DC Bar #974509
Milton Johns, VSB Bar #42305 to be admitted *pro hac vice*
Paul A. Prados, VSB Bar #71374 to be admitted *pro hac vice*
10560 Main Street, Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax:    (703) 268-5602
*Counsel for Gloria Nadon*

Day & Johns, PLLC
10560 Main Street
Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax: (703) 268-5602

*Gloria Nadon*
Gloria Nadon
14224 Creekbranch Way
Gainesville, VA 20155

Day & Johns, PLLC
10560 Main Street
Suite 218
Fairfax, Virginia 22030
Phone: (703) 268-5600
Fax: (703) 268-5602



USPS Certified Mail postage label — $006.31, JUL 01 2013, MAILED FROM ZIP CODE 22030

Certified Mail 7011 2970 0002 3389 1924

Day & Johns, PLLC
10560 Main Street, Suite 218
Fairfax, Virginia 22030

Bard Peripheral Vascular, Inc.
c/o Registered Agent CT Corporation System
2390 E Camelback Road
Phoenix, Arizona 85016

Filed
D.C. Superior Court
07/09/2013 11:11AM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GLORIA NADON<br>14224 Creekbranch Way<br>Gainesville, VA 20155<br><br>Plaintiff,<br><br>v.<br><br>THOMAS CHANG, M.D.<br>c/o MedStar Georgetown<br>University Hospital<br>3800 Reservoir Road, N.W.<br>Washington, D.C. 20007<br><br>And<br><br>BARD PERIPHERAL<br>VASCULAR, INC.<br>Serve:<br>CT Corporation System<br>2390 E. Camelback Road<br>Phoenix, AZ 85016<br><br>Defendants. | Case No: 2013 CA 003959 M<br>Cal 12 – Hon. Brian Holeman<br>Next Court Event:<br>Initial Scheduling Conference -<br>9/13/13 @ 9:30 a.m. |

## ANSWER OF DEFENDANT
## THOMAS CHANG, M.D.

Defendant Thomas Chang, M.D., by and through his counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to D.C. Super. Ct. Civ. R. 12, hereby responds to the Plaintiff's Complaint in the instant matter, stating as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to set forth claims upon which relief may be granted.

### SECOND DEFENSE

Answering specifically the numbered paragraphs of the Complaint, this Defendant sets forth the following:

1. Paragraph 1 of the Complaint contains jurisdictional allegations to which no response is required. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

2. Admitted.

3. Admitted.

4. Paragraph 4 of the Complaint contains jurisdictional allegations to which no response is required. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

5. No response is required, as this paragraph merely incorporates by reference the allegations previously made herein. To the extent that a response is required from this Defendant, this Paragraph is hereby denied.

6. Denied as phrased.

7. Denied as phrased.

8. Denied as phrased.

9. Denied as phrased.

10. Admitted.

11. Admitted.

12. Denied as phrased.

13. Denied.

14. Denied as phrased.

15. Denied.

16. Denied.

17. No response is required, as this paragraph merely incorporates by reference the allegations previously made herein. To the extent that a response is required from this Defendant, this Paragraph is hereby denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. No response is required, as this paragraph merely incorporates by reference the allegations previously made herein. To the extent that a response is required from this Defendant, this Paragraph is hereby denied.

26. Paragraph 26 of the Complaint contains allegations directed toward another Defendant. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

27. Paragraph 27 of the Complaint contains allegations directed toward another Defendant. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

28. Paragraph 28 of the Complaint contains allegations directed toward another Defendant. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

29. Paragraph 29 of the Complaint contains allegations directed toward another Defendant. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

30. Paragraph 30 of the Complaint contains allegations directed toward another Defendant. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

31. Paragraph 31 of the Complaint contains allegations directed toward another Defendant. To the extent a response is required from this Defendant, this Paragraph is hereby denied.

### THIRD DEFENSE

This Defendant reserves the right to assert the defense of statute of limitations in the event that any of the Plaintiff's claims are not timely filed.

### FOURTH DEFENSE

The Plaintiff's claims are barred by her assumption of the risk.

### FIFTH DEFENSE

The Plaintiff's claims are barred by her contributory negligence.

### SIXTH DEFENSE

This Defendant did not breach any duties owed to the Plaintiff under any applicable statute, regulation, policy, procedure, or guideline.

### SEVENTH DEFENSE

The Plaintiff was not injured as alleged.

### EIGHTH DEFENSE

The Plaintiff's alleged injuries were not proximately caused by this Defendant.

## NINTH DEFENSE

The Plaintiff's claims are barred by the doctrines of superseding and/or intervening cause.

## TENTH DEFENSE

The medical treatment provided to the Plaintiff arising out of her alleged injuries was not reasonable or necessary.

## ELEVENTH DEFENSE

The amounts charged for the medical treatment provided to the Plaintiff arising out of her alleged injuries were not reasonable.

## TWELTH DEFENSE

The Plaintiff's injuries and damages were caused by acts or omissions of other persons, parties, or entities.

## THIRTEENTH DEFENSE

Any and all other claims or allegations contained in the Complaint, not otherwise expressly admitted or denied herein are hereby denied.

## FOURTEENTH DEFENSE

This Defendant reserves the right to assert additional affirmative defenses based on the evidence adduced in the course of discovery.

## FIFTEENTH DEFENSE

This Defendant reserves the right to amend the foregoing Answer in accordance with the rules of this Honorable Court in order to bring any appropriate counterclaims and/or third party claims.

### SIXTEENTH DEFENSE

The physical injury claimed in this case represents a known complication associated with the medical treatment at issue.

### SEVENTEENTH DEFENSE

Plaintiff provided informed consent to the medical treatment at issue herein.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

### NINETEENTH DEFENSE

Defendants assert the doctrines of *res judicata*, collateral estoppel, and/or waiver.

### TWENTIETH DEFENSE

The alleged injuries and/or damages, if any, may be due to a naturally occurring disease process or ongoing medical condition of the Plaintiff for which this Defendant is not and may not be legally responsible.

### TWENTY-FIRST DEFENSE

This Defendant will rely upon all defenses lawfully available to it, including, but not limited to, those already asserted herein as well as Plaintiff's failure to provide timely notice of intention to sue pursuant to D.C. Code § 16-2802.

WHEREFORE HAVING ANSWERED, AND FOR THE REASONS SET FORTH ABOVE, Defendant Thomas Chang, M.D. hereby respectfully requests that this Honorable Court dismiss the instant matter with prejudice, with an additional award of to this Defendant of its attorney's fees, costs, and such other relief as is just and proper.

> Respectfully submitted,
>
> GLEASON, FLYNN, EMIG &
> FOGLEMAN, CHARTERED
>
> /s/ Michael F. Flynn, Jr.
> ──────────────────────────
> Michael F. Flynn, Jr., #351304
> Matthew J. Focht, #480906
> 11 North Washington Street, Suite 400
> Rockville, MD 20850
> (301)294-2110 (telephone)
> (301)297-0737 (facsimile)
> mflynn@gleason-law.com
> mfocht@gleason-law.com
> *Attorneys for Defendant*
> *Thomas Chang, M.D.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 9th[th] day of July, 2013, a copy of the foregoing Answer of Defendant Thomas Chang, M.D. was served via Case File Xpress electronic service on:

Tawnya M. Yetter, Esquire
Day & Johns, PLLC
10560 Main Street, Suite 218
Fairfax, Virgnia 22030

And via first-class mail, postage prepaid on:

Bard Peripheral Vascular, Inc.
c/o CT Corporation System
2390 E. Camelback Road
Phoenix, Arizona  85016

                        /s/ Michael F. Flynn, Jr.
                        Michael F. Flynn, Jr.